UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

MARSHAE BROWN, §
§
      Plaintiff, §
§
VS. § CIVIL ACTION NO. 3:15-CV-0178
§
HG FACULTY, §
§
      Defendant. §

## MEMORANDUM OPINION AND ORDER

Plaintiff Marshae Brown (TDCJ #1927025) is presently incarcerated by the Texas

Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Brown

has filed a prisoner civil rights complaint under 42 U.S.C. § 1983, alleging that she was

denied adequate medical care after giving birth at the John Sealy Hospital in Galveston,

which is operated by the University of Texas Medical Branch ("UTMB"). Brown is

proceeding *pro se* and *in forma pauperis* (Dkt. 5). At the Court's request, Brown has

supplemented her claims in response to a show cause order (Dkt. 10). In addition, the

Texas Attorney General's Office has provided administrative records relevant to Brown's

claims in a *Martinez* report (Dkt. 14),[1] which the Court has construed as a motion for

summary judgment on behalf of the defendants (Dkt. 15). Brown has filed a response

(Dkt. 16) and the Attorney General's Office has filed a supplemental brief in reply (Dkt.

18).

---

[1] *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987). The report and relevant records have
been filed under seal to protect the plaintiff's private medical information.

After reviewing all of the evidence submitted, the parties' briefing, and the applicable law, the Court concludes that the defendants are entitled to summary judgment and that this case must be **DISMISSED** for the reasons that follow.

I.    **BACKGROUND**

Brown's allegations stem from an episiotomy that was performed on her when she gave birth at the John Sealy Hospital on August 2, 2014 (Dkt. 1 at p. 11). After the episiotomy incision reopened and became infected, the wound was debrided on August 6, 2014, and surgically closed on August 7, 2014 (*Id*.).  The following day, Brown reported that her incision had reopened again (*Id*.). Instead of surgical closure, the plan of care consisted of "allowing . . . the wound to heal by secondary intention with daily sitz baths 5x/day" (*Id*.). On August 13, 2014, Brown asked to be evaluated for another surgical closure because she did not believe that sitz baths would be sufficient (*Id*. at p. 13). That request was reportedly denied by "HG Faculty" (*Id*. at p. 4).  Brown now seeks compensatory damages from unidentified members of the HG Faculty under 42 U.S.C. § 1983 for denying her request for another surgical closure (*Id*.).

In addition to raising the defense of official immunity under the Eleventh Amendment, the Texas Attorney General's Office has provided hundreds of pages of medical records showing that Brown received ample post-partum care (Dkt. 14-1, 14-2) and that her episiotomy wound successfully healed under the prescribed plan of care (Dkt. 14-1 at p. 46).  The Attorney General's Office has also provided administrative records showing that Brown did not file a grievance regarding the level of care that she received after giving birth (Dkt. 14-3).  The Attorney General's Office argues, therefore,

that this case should be dismissed for failure to exhaust administrative remedies as required before filing suit and, alternatively, for failure to state a claim upon which relief may be granted (Dkt. 18 at pp. 3-5).

## II.   STANDARDS OF REVIEW

### A.   The PLRA and *Pro Se* Pleadings

Because the plaintiff is an inmate proceeding *in forma pauperis*, the Court is required by the PLRA to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief").  An administrative report submitted by state officials pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (a "*Martinez* report"), is a tool to assist courts in making a determination of frivolity under 28 U.S.C. § 1915.  *See Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997); *see also Cay v. Estelle*, 789 F.2d 318, 323 & n.4 (5th Cir. 1986) (discussing the utility of a *Martinez* report).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff in this case proceeds *pro se*.  Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

### B.    Summary Judgment — Rule 56

The Court has construed the *Martinez* report filed by the Attorney General's Office as a motion for summary judgment on behalf of the defendants (Dkt. 15). Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the movant meets this initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted).

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence). Likewise, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

Although the plaintiff in this case is proceeding *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his or her burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court. *See Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 (5th Cir. 2016) (citing *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general

willingness to construe pro se filings liberally, we still require pro se parties to fundamentally abide by the rules that govern the federal courts . . . . *Pro se* litigants must properly . . . present summary judgment evidence") (quotation marks omitted)).

## III. <u>DISCUSSION</u>

### A. **Brown Did Not Exhaust Administrative Remedies as Required**

As an initial matter, the Attorney General's Office argues that the complaint is barred by the PLRA because Brown did not exhaust available administrative remedies in compliance with TDCJ procedures before filing suit in federal court. The PLRA prohibits any action by a prisoner in federal court under 42 U.S.C. § 1983 concerning "prison conditions" until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement found in § 1997e(a) applies to all inmate suits about prison life, "whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The Supreme Court has repeatedly emphasized that § 1997e(a) mandates exhaustion of all administrative procedures before an inmate can file any suit challenging prison conditions. *See Booth v. Churner*, 532 U.S. 731, 739 (2001); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Jones v. Bock*, 549 U.S. 199, 212 (2007) (confirming that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

It is well established that TDCJ has a formal two-step administrative grievance process. *See, e.g., Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998) (outlining the two-step procedure, which at Step

1 entails submitting an administrative grievance at the institutional level followed by a Step 2 appeal if the result is unfavorable). Substantial compliance with this process is not enough to exhaust remedies under the PLRA. *See Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010) ("Under our strict approach, we have found that mere 'substantial compliance' with administrative remedy procedures does not satisfy exhaustion."). A Texas inmate must pursue a grievance through both steps to satisfy the exhaustion requirement. *See Johnson*, 385 F.3d at 515 (citing *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001)).

The grievance records provided by the Attorney General show that Brown did not comply with TDCJ procedures by filing any grievances about the issue raised in her complaint, namely, the decision to prescribe sitz baths rather than surgical intervention for her reopened episiotomy incision. Brown concedes that she did not file a grievance about this decision or any other aspect of her medical care, explaining that she did not do so because she was "mostly sedated" during the relevant time period (Dkt. 16 at p. 2). As the Attorney General's Office notes, however, Brown's assertion that she was unable to file a grievance about her medical care is contradicted by the record, which shows that she filed a grievance about an unrelated matter on August 20, 2014, well within the time period to complain about being prescribed sitz baths (Dkt. 18 at p. 4) (referencing Step 1 Grievance #2014203581 at Dkt. 14-3 at pp. 5-6). As a result, Brown fails to show the exhaustion process was unavailable to her or that she lacked the ability to file a grievance in compliance with TDCJ procedures.

Noting that exhaustion is mandatory, the Supreme Court has emphasized that "a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, — U.S. —, 136 S. Ct. 1850, 1856-57 (2016) (citations omitted); *see also Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (emphasizing that "pre-filing exhaustion of prior grievance process is mandatory" and that district courts lack discretion to excuse a prisoner's failure to exhaust administrative remedies). Because it is apparent that Brown failed to exhaust available administrative remedies before filing suit in federal court, her complaint is subject to dismissal for this reason. *See Wright*, 260 F.3d at 359. Therefore, the defendants are entitled to summary judgment on this issue. Although the issue of exhaustion is dispositive, the Court will consider the Attorney General's alternative argument that the complaint must be dismissed because Brown fails to overcome official immunity or demonstrate a valid claim for relief under 42 U.S.C. § 1983 against the defendants.

**B.     UTMB and its Employees are Entitled to Official Immunity**

As noted previously by the Court, Brown has not identified an individual defendant in this case and has sued only unnamed "HG Faculty" members who are employed by UTMB (Dkt. 9 at p. 3). Unless expressly waived, the Eleventh Amendment bars an action in federal court by a citizen of a state against his or her own state, including a state agency. *See Martinez v. Texas Dep't of Criminal Justice*, 300 F.3d 567, 574 (5th Cir. 2002). The Eleventh Amendment bars a suit for money damages against UTMB, as a state agency, under 42 U.S.C. § 1983. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). The Eleventh Amendment also bars a suit for money damages against

UTMB employees in their official capacity. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2001); *Aguilar v. Texas Dep't of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). To the extent that Brown seeks monetary damages from UTMB or any of its employees in their official capacity, those claims must be dismissed as barred by the Eleventh Amendment.

### C. The Complaint Fails to State a Claim

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Lefall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted). Brown contends that HG Faculty members or health-care providers employed at the John Sealy Hospital committed "medical malpractice" when they prescribed sitz baths instead of surgical intervention after her episiotomy incision reopened (Dkt. 1 at p. 5). To succeed in stating a claim for inadequate medical care, however, a prisoner must demonstrate "deliberate indifference" to a "serious medical need" that poses a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Brown does not make that showing here.

To establish deliberate indifference in violation of the Eighth Amendment, a prisoner must show that the defendant was both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) subjectively drew an inference that such potential for harm existed. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The Eighth Amendment deliberate indifference

standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent" do not amount to deliberate indifference. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998). A showing of deliberate indifference to medical needs requires the prisoner to submit evidence that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks omitted).

The volume of medical records presented in this case confirms that Brown was not denied medical treatment. *See Varnardo v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991); *McCord v. Maggio*, 910 F.2d 1248, 1251 (5th Cir. 1990) (upholding the dismissal of a deliberate indifference claim where medical records document that the prisoner was not denied medical attention). To the extent that Brown primarily complains about the decision to treat her with sitz baths rather than surgical intervention, the Supreme Court has clarified that a decision of this nature, which involves a determination about whether a certain form of treatment is indicated, "is a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107. To the extent that a prisoner disagrees with the level of care that she received, the Fifth Circuit has repeatedly held that mere disagreement with medical treatment does not state a claim for deliberate indifference to serious medical needs under the Eighth Amendment. *See Stewart v. Murphy*, 174 F.3d 530, 535 (5th Cir. 1999); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Spears*

*v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985); *Young v. Gray*, 560 F.2d 201, 201 (5th Cir. 1977). Brown has not shown that she was denied adequate are with deliberate indifference or that a genuine issue of material fact remains for trial where her claims are concerned. Because the record does not otherwise disclose any fact issue, the defendants are entitled to summary judgment for this additional reason. Therefore, this case will be dismissed.

## IV.   CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. The *Martinez* report, which has been construed as a motion for summary judgment on behalf of the defendants (Dkt. 14), is **GRANTED**.

2.  The motion filed by the Attorney General's Office to seal the supplemental brief in support of the *Martinez* report (Dkt. 17) is **GRANTED**.

3. The complaint filed by Plaintiff Marshae Brown is **DISMISSED** with prejudice.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties and to *amicus* counsel of record for the defendants.

SIGNED at Galveston, Texas, this 25th day of May, 2018.

George C. Hanks Jr.
United States District Judge